UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cleveland Tank & Supply, Inc., | ) | CASE NO. 1:14 CV 2275 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Hammonds Technical Services, Inc., | ) | **Memorandum of Opinion and Order** |
| et al., | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Defendant Carl Hammonds's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction (Doc. 28) and Defendants Carl Hammonds and Hammonds Technical Services, Inc.'s Partial Motion to Dismiss the Second Amended Complaint (Doc. 30).  This case arises from a dispute over the creation of an additive tank.  For the reasons set forth below, Carl Hammonds's motion to dismiss for lack of personal jurisdiction is GRANTED.  The partial motion to dismiss the Second Amended Complaint is also GRANTED.

**Facts**

1

The following facts are set forth in the Second Amended Complaint.  Plaintiff Cleveland Tank & Supply, Inc. ("Cleveland Tank") brings this action against Hammonds Technical Services, Inc. ("Hammonds Technical") and Carl Hammonds ("Hammonds").

Cleveland Tank is an Ohio corporation in the business of designing fuel tanks and accessories for original equipment manufacturers and after market systems. (Second Am. Comp. ¶¶ 1-3)  Hammonds Technical is a Texas corporation. (Second Am. Comp. ¶ 17). Hammonds is the owner and president of Hammonds Technical. (Second Am. Comp. ¶ 18).

On May 6, 2014, Hammonds, on behalf of his company Hammonds Technical, contacted Cleveland Tank to inquire if "Cleveland Tank would be interested in reviewing, quoting, providing and producing an 'additive tank.'" (Second Am. Comp. ¶ 5).  Hammonds stated that his company would have a demand for several thousand of these units going forward. (Second Am. Comp. ¶ 26).

Hammonds Technical and Cleveland Tank then had several months of discussions about the specifications and production of the tank. (Second Am. Comp. ¶¶ 29-45). Cleveland Tank delivered several prototypes to Hammonds Technical during June and August 2014 based on Hammonds Technical's specifications. (Second Am. Comp. ¶¶ 33, 35, 41).

On August 29, 2014, Dan O'Neill at Hammonds Technical contacted Brent Davis at Cleveland Tank and requested and received a set of Cleveland Tank's prints and assembly drawings for their records. (Second Am. Comp. ¶¶ 43, 44).  Later that day, O'Neill informed Davis that the tank would be made in-house based on the Cleveland Tank drawings and there would be no further relationship between the parties. (Second Am. Comp. ¶ 45).

Thereafter, Cleveland Tank brought suit alleging misappropriation of technology.  The

Second Amended Complaint alleges twelve claims.  Count one is a claim for unfair competition under the Lanham Act.  Count two is a claim for tortious interference with business and contractual relations.  Count three is a claim for toritous interference with prospective economic advantage.  Count four is a claim for copyright infringement.  Count five is a claim for breach of contract.  Count six is a claim for unfair competition under Ohio law.  Count seven is a claim for trade secret misappropriation.  Count eight is a claim for unjust enrichment.  Count nine is a claim for common law trademark infringement.  Count ten is a claim for violation of the "Ohio Deceptive Trade Practices Law."  Count eleven is a claim for breach of fiduciary duty.  Count twelve is a claim for fraud.

This matter is before the Court upon Hammond's motion to dismiss for lack of personal jurisdiction as well as defendants' partial motion to dismiss the Second Amended Complaint.  Defendants seek dismissal, except for counts six, seven, and eight.

**Discussion**

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

Hammonds moves to dismiss the Second Amended Complaint, challenging this Court's exercise of personal jurisdiction over him.

The plaintiff has the burden of showing that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 12(b)(2), the defendant may challenge the court's jurisdiction for "lack of jurisdiction over the person" by a motion to dismiss.  In face of such a motion supported by affidavits, a plaintiff must establish a prima facie showing of jurisdiction by responding with affidavits and, if useful, other written evidence, and may not stand on the pleadings alone. *McNutt v. General*

*Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [plaintiff] must support them by competent proof."); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) ("[P]laintiff bears the burden of proving by affidavit the basis upon which jurisdiction may be obtained ... if the defendant challenging jurisdiction files affidavits in support of his position."); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("[P]laintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").

After review, the Court grants Hammonds's motion to dismiss.  Hammonds moves to dismiss the Second Amended Complaint with a supporting affidavit detailing his lack of contacts with Ohio.  His affidavit states as follows. Hammonds is the president of Hammonds Technical. (Aff. ¶ 1). Hammonds Technical does not maintain a place of business, bank account, or real or personal property in Ohio. (Aff. ¶ 3-5).  Hammonds is a resident of Texas and does not have an office, bank account, or real or personal property in Ohio. (Aff. ¶ 6-10). Hammonds has not been employed in Ohio, nor has he employed residents of Ohio.  He has not worked for any clients in Ohio, attended meetings in Ohio, entered into a contract with an Ohio resident, or been a party to litigation in Ohio. (Aff. ¶ 12-16).  Any business phone calls and email exchanges he had with Cleveland Tank were made from his office in Texas. (Aff. ¶ 21).  And it would be a costly burden for him to defend this lawsuit in Ohio. (Aff. ¶ 20).

Cleveland Tank does not provide any contrary affidavit or evidence in support of exercising personal jurisdiction over Hammonds.  Instead, it incorporates its previous briefings on the issue. (Doc. 24 and Doc. 15).  Those two briefings, which are virtually

4

identical, argue that Hammonds is being sued for his actions as president of Hammonds Technical and that Hammonds initiated contact with plaintiff.  In sum, the briefs argue that "*defendants* did business in Ohio" and the allegations "arise out of and relate to those contacts and those interactions." (Doc. 24 p. 3) (emphasis added).

By relying on the pleadings, plaintiff fails to meet its burden. *See Theunissen*, 935 F.2d at 1458.  Moreover, plaintiff's argument in support of jurisdiction over Hammonds identifies actions in the pleadings that were undertaken by *both* Hammonds and Hammonds Technical. (Doc. 15 p. 3) ("Defendants did business in Ohio).  However, "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Walker v. Concoby*, 79 F. Supp. 3d 827, 834 (N.D.Ohio 1999) (citing *Weller v. Cromwell Oil Co.*, 504 F.3d 927, 929 (6th Cir. 1974)).  Plaintiff does not adequately explain how Hammonds's telephone calls to plaintiff afford the Court jurisdiction over him.  The motion to dismiss for lack of personal jurisdiction is granted.

### B. Partial Motion to Dismiss

Hammonds Technical moves to dismiss counts one, two, three, four, five, nine, ten, eleven, and twelve of the Second Amended Complaint.  Plaintiff opposes the motion by incorporating its earlier briefing in opposition to defendants' motion to dismiss the amended complaint. *See* Doc. 33 p. 2 ("To the extent that the Court can address this latest Defendants' motion with materials that have already been filed and made part of this Court's Record, the Plaintiff asks that the motion be denied on those bases already set forth.").  That earlier briefing contains one substantive argument regarding the prospective economic advantage claim brought under Ohio law in the amended complaint. *See* Doc. 23 p. 3.  However, the

5

prospective economic advantage claim in count three of the Second Amended Complaint is now brought under Texas law.[1]  Plaintiff does not explain why this earlier argument continues to apply to the new claim.  Consequently, plaintiff has provided no substantive opposition to the motion to dismiss.

Plaintiff asks that if the Court "believes that more information is necessary to address [the motion to dismiss], then Plaintiff asks for an opportunity to supplement our previous responses." (Doc. 33 p. 2).  The Court cannot afford plaintiff such an opportunity.  It would be fundamentally unfair to allow a plaintiff to craft his opposition brief knowing the court's opinion on the persuasiveness of the arguments in a defendant's motion.  Plaintiff's request is denied.

In sum, for the reasons set forth by the defendants, the motion to dismiss is granted.

**Conclusion**

For the reasons set for above, Carl Hammonds's motion is GRANTED and he is DISMISSED from the case.  The motion to dismiss counts one, two, three, four, five, nine, ten, eleven, and twelve of the Second Amended Complaint is GRANTED.  Counts six, seven, and eight remain pending against Hammonds Technical.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 4/24/15

---

[1] *See* Second Am. Comp. p. 16 n.1 ("This is notice of Plaintiff's intent to rely upon Texas law for Count Three.").